**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RODNEY PERKINS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-543-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Rodney Perkins, TDCJ #1447171, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Perkins was charged in state court with two counts of aggravated sexual assault of a child

younger than 14 years of age.  On the eve of trial, Perkins elected to enter an open plea of guilty to

both counts and have the trial court assess his punishment.  (State Habeas R. at 45-54)  Two days

later, Perkins filed a pro se motion to withdraw his guilty plea.  On June 29, 2007, after a hearing,

the trial court denied Perkins's motion to withdraw his plea and, immediately thereafter, held a

punishment hearing and assessed Perkins's punishment at 35 years' imprisonment on each count.

(*Id.* at 55)  Perkins appealed his conviction, but the Second District Court of Appeals of Texas

affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition

for discretionary.  *See Perkins v. Texas*, No. 2-07-258-CR, slip copy (Tex. App.–Fort Worth 2005)

(not designated for publication); *Perkins v. Texas*, PDR No. 913-08.  Perkins did not seek a writ of

certiorari.  Perkins filed a state habeas application, which was dismissed without written order on

his own motion.  This federal petition for writ of habeas corpus was timely filed.

D.  ISSUES

Perkins raises one ground, in which he claims he was denied the right to jury trial by the trial

court's denial of his motion to withdraw his guilty plea.  (Petition at 7 & Attach.)  According to

Perkins, his guilty plea was not knowing and voluntary and he was not thoroughly admonished of

the law because he believed that by entering an open plea of guilty to the trial court he was merely

electing to have his case tried by a judge rather than a jury.

E.  RULE 5 STATEMENT

Thaler filed a motion to dismiss Perkins's petition on exhaustion grounds.  (Resp't Motion

to Dismiss at 3-7)  Perkins, in turn, filed a motion to stay this petition to allow him to exhaust his

state court remedies.  Notwithstanding a petitioner's failure to exhaust state court remedies, a

petition may be denied on the merits.  *Id.* § 2254(b)(2).

2

F.  DISCUSSION

*Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

*1.  Withdrawal of Perkins's Plea*

Under Texas law, a defendant may withdraw his guilty plea for any reason as a matter of right until judgment has been pronounced or the case has been taken under advisement.  *Jackson v.*

3

*State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Once the judge has admonished the accused and accepted his plea, passing the case for a presentence investigation report constitutes taking the case under advisement. *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.–Fort Worth 2005, pet. ref'd). When a defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515. Applying *Jackson*, the state appellate court found that Perkins understood the consequences of his plea and entered his plea knowingly and voluntarily and that the trial court had not abused its discretion by denying Perkins's motion to withdraw his plea. It is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. S 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Perkins points to no Supreme Court precedent holding that there is an absolute right to withdraw a guilty plea once it has been accepted. The Fifth Circuit has recognized that there is no such right. *See United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir. 2000).

Further, a guilty plea is voluntary, knowing, and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or

4

misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record supports the state court's determination that Perkins's plea was knowing and voluntary. Perkins was faced with two options at the time he entered his plea–begin a trial by jury the next morning or enter an open guilty plea to the court and have the judge assess his punishment. (RR, vol. 3, at 4-7) A "trial by judge" was not an option. Perkins's colloquy with the trial court during the plea proceeding, in conjunction with the letter to Perkins's ex-wife admitted as State's Exhibit 10, reflects that he understood his choices and choose to plead guilty with knowledge of the consequences. Additionally, the documentary record reflects that Perkins was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. (State Habeas R. at 45-54) Perkins executed the Written Plea Admonishments wherein he acknowledged that he understood the admonishments, waived his right to a jury, and was aware of the consequences of his plea. Such representations by a defendant during plea proceedings carry a strong presumption of verity. *Blackledge*, 431 U.S. at 74. Perkins has not presented proof sufficient to rebut the presumption of regularity of the state court records or the correctness of the state court's fact findings and adjudication of the issue. *See Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) Perkins made the voluntary, knowing, and intelligent choice among the alternative courses of action open to him, and, fully understanding those options, he elected to enter an open plea of guilty. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

## II.  RECOMMENDATION

Perkins has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be denied.  The parties' motions should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 11, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 11, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing

6

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 21, 2010.


_____/s/___Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE