IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY PERKINS, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:09-CV-543-Y |
| | § | |
| RICK THALER, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Rodney Perkins under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 21, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 8, 2010.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled,[2] and that the petition for writ of habeas corpus must be denied, for the reasons stated in the magistrate judge's findings and conclusions. As noted by the magistrate judge, though the respondent sought to dismiss the case on the basis of lack of exhaustion, notwithstanding the failure of

---

[1] Perkins subsequently filed a motion for leave to amend his objections to correct a citation. That motion will be granted.

[2] Petitioner objects in particular to the magistrate judge's recognition that he asserted one ground for relief--that he was denied the right to trial by a jury when the trial court judge denied his motion to withdraw his plea of guilty. Even though the respondent construed Perkins to assert three separate grounds, it is apparent that Perkins asserted this one ground for relief supported by his arguments that his guilty plea was not knowing and voluntary and that the trial court did not properly admonish him. (Petition at 7(listing only Ground One): attachment page (listing "supporting facts")). The magistrate judge's report addressed both the ground for relief and Perkins's supporting arguments. Thus, Perkins's objections are overruled.

an applicant to exhaust state court remedies, a petition under 28 U.S.C. § 2254 may be denied on the merits.[3] Thus, the respondent's motion to dismiss, and Perkins's motion to stay proceedings, will be denied.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Perkins's motion for leave to amend his objections (docket no. 21) is GRANTED. The respondent's motion to dismiss (docket no. 12), and Perkins's motion to stay proceedings (docket no. 13), are DENIED.

Rodney Perkins's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[4] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[5] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[6] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason

---

[3] 28 U.S.C.A.§ 2254((b)(2)(West 2006).

[4] *See* FED. R. APP. P. 22(b).

[5] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[6] 28 U.S.C.A. § 2253(c)(2)(West 2006).

could conclude the issues presented are adequate to deserve encouragement to proceed further."[7]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Perkins has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the January 21, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[8]

Therefore, a certificate of appealability should not issue.

SIGNED April 20, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[8]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3